UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GABRIELLA BARTHLOW,

       Plaintiff,

v.

                                       Case No. 10-11902
TROTT & TROTT, P.C.,                    Honorable Julian Abele Cook, Jr.

       Defendant.


ORDER

On May 11, 2010, the Plaintiff, Gabriella Barthlow, filed a complaint without the benefit of

an attorney, in which she accused the members of a Michigan law firm, Trott & Trott, P.C. ("Trott"),

of impermissibly encroaching upon her fundamental right to due process of law. On May 28th, Trott

filed a motion to dismiss and/or for the entry of a summary judgment, pursuant to Fed. R. Civ. P.

12(b)(6) and 56(c), respectively. On June 10th, the Plaintiff filed a pleading which reflected her

opposition to Trott's request for relief. The matter is now ripe for a resolution by the Court

I.

The Plaintiff was the lawful owner and possessor of a home in Beverly Hills, Michigan

whose rights of ownership and possession were, in her opinion, unjustifiably altered by Trott's

alleged misconduct. When the Plaintiff defaulted in her mortgage obligations, a foreclosure action

was commenced by the original mortgagee[1] who had retained Trott to facilitate the foreclosure proceedings. Following the completion of the foreclosure action, Federal Home Loan Mortgage Corporation, as the purchaser of the Plaintiff's home, was granted a judgment of possession by the 46th District Court of Michigan in May 2008.

Feeling aggrieved, the Plaintiff initiated a lawsuit in the Oakland County Circuit Court of Michigan in which she accused the Federal Home Loan Mortgage Corporation of fraud and violating her rights to due process. The Oakland Circuit Court granted the Federal Home Loan Mortgage Corporation's motion for summary disposition and, in so doing, upheld the validity of the challenged foreclosure. Her appeal to the Michigan Court of Appeals was equally unsuccessful. Thereafter, the Plaintiff turned to this Court for relief.

## II.

Initially, the Court notes that it has serious doubts as to whether it has jurisdiction over the subject matter in this case. "Federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assoc., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). It appears that the Plaintiff, through this lawsuit, is attempting to attack the validity of the foreclosure proceedings that were initiated against her home in Beverly Hills, Michigan. Notably, she made similar claims of denial of due process in connection with the foreclosure proceedings before the Oakland County Circuit Court and the Michigan Court of Appeals, to no avail. However, it should be pointed out that this Court is without jurisdiction to review state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court*

---

[1] Prior to the foreclosure proceedings, the mortgage had been transferred to CitiMortgage.

*of Appeals v. Feldman*, 460 U.S. 462, 478-79 (1983). This principle is based on the negative inference that inasmuch as the United States Constitution vests appellate review of state court decisions in the Supreme Court, "such review may not be had in the lower federal courts." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)).

III.

Nevertheless, because it is not entirely clear that the Plaintiff is challenging the state court judgments, the Court will now evaluate Trott's motion to dismiss and/or for summary judgment on its merits. Fed. R. Civ. P. 12(b)(6) authorizes the dismissal of a complaint in which the plaintiff has failed to state a claim upon which relief can be granted. In order to survive a motion under this rule of procedure, the complaint must contain direct or indirect allegations regarding all material elements in order to sustain recovery under some viable legal theory. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010). However, the court must accept as true all of the plaintiff's factual allegations and construe them in a light that is most favorable to her. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must state a claim to relief that is "plausible on its face." *Terry*, 604 F.3d at 276 (quoting *Twombly*, 550 U.S. at 570).

In addition to the allegations in the complaint, courts are authorized to review "materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ind. State Dist. Council of Laborers v. Omnicare, Inc.*, 583 F.3d 935, 942 (6th Cir. 2009); *see also ABS Indus., Inc. v. Fifth Third Bank*, 333 Fed. Appx. 994, 1001 n. 7 (6th Cir. 2009) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the

allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.")

A request for the entry of a summary judgment under Fed. R. Civ. P. 56(c) must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of a material fact exists when there is a dispute in contention that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, no genuine issue of a material fact exists if the record as a whole could not lead a rational trier of fact to find in the non-movant's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV.

The case at bar involves a complaint with bare legal conclusions and a minimal amount of facts. The Plaintiff's complaint reads, in its entirety as follows:

### JURISDICTION

1. This Court have [*sic*] jurisdiction over the subject-matter and the parties pursuant to 28 U.S.C. sec. 1331; Exhaustion of state remedies.

### COMPLAINT

2. In or about October 2007, Oakland County Case No. 08-092300-CH, the defendant initiated a foreclosure action against the Plaintiff under the premise that it was a debt collector, in violation of 15 U.S.C. sec. 1692(e)(13) Ex. "A."

### CLAIM

3. As a result of the defendant's actions, Plaintiff has been denied the right to her real property and denied due process of law.

4. Plaintiff has suffered:
a. mental anguish

    b. embarrassment
    c. damage to reputation
    d. humiliation
    e. loss of monies paid in the amount of $85,000.00

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment in her favor against the defendant in the amount of $85,000.00.

(Doc. #1.)

It is readily apparent to this Court that the complaint cannot survive the Defendant's motion to dismiss. It does not set forth any factual allegations that provide details, with any degree of specificity, of the alleged misdeeds by Trott which, in turn, led to the claimed deprivation of the Plaintiff's property rights and due process. Although the Plaintiff cites 15 U.S.C. § 1692(e)(13)[2] and asserts that Trott is a debt collector, she does not specify how this law firm violated the statute. In responding to the currently pending dispositive motion, she points to correspondence in which Trott asserts that it is a debt collector. However, it is unclear how this "evidence" (1) violates the above-cited statute and (2) has caused her to suffer the loss of her rights to due process which are guaranteed to every citizen under the United States Constitution.

Finally, the Court is urged by Trott to turn to 15 U.S.C. § 1692k(d):

An action to enforce any liability created by this subchapter [15 U.S.C. § 1692, et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*.

(emphasis added). Inasmuch as the foreclosure action, about which the Plaintiff complains, took

---

[2] 15 U.S.C. § 1692(e) states, in part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (13) The false representation or implication that documents are legal process."

place in November 2007, the Court notes that her complaint, which was filed in May 2010, is untimely and must be dismissed.

However, even if the Plaintiff had properly and timely pled her claim, Trott is correct in noting that it was not a party to the foreclosure proceedings about which the Plaintiff complains. As a law firm that represented the mortgagee in the foreclosure matter, it did not owe any legal duty to the Plaintiff. Thus, the law is clear that she cannot pursue a claim against Trott because of an alleged injury which was sustained as a result of the foreclosure proceedings. *See Friedman v. Dozorc*, 312 N.W.2d 585, 593 (Mich. 1981) ("Because we are of the opinion that recognition of a cause of action for negligence in favor of a client's adversary might unduly inhibit attorneys from bringing close cases or advancing innovative theories, or taking action against defendants who can be expected to retaliate, we decline to recognize a duty of due care to the adverse party.")   As a result, the Court grants Trott's dispositive motion.

V.

Therefore and for the reasons that have been stated above, the Court does grant the motion to dismiss and/or for summary judgment which has been filed by Trott.

IT IS SO ORDERED.


Dated:  August 17, 2010                          s/Julian Abele Cook, Jr.
          Detroit, Michigan                       JULIAN ABELE COOK, JR.
                                                  United States District Court Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 17, 2010.

                                                  s/ Kay Doaks
                                                  Case Manager